UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER, | No. 2:23-cv-1919 AC |
| Plaintiff, | |
| v. | ORDER |
| JACQUELINE WALKER, et al, | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 5.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff filed an initial complaint, which was not served because plaintiff did not file a motion to proceed in forma paurperis or pay the filing fee. ECF No. 1. Plaintiff was directed to pay the filing fee or file a motion to proceed in forma pauperis. ECF No. 3. Plaintiff filed a motion to proceed in forma pauperis, which is granted herein, and filed a First Amended Complaint. ECF No. 4. The First Amended Complaint ("FAC") is now the operative complaint that the court will screen.

The FAC states that plaintiff is bringing this lawsuit pursuant to 42 U.S.C. § 1983 against Jacqueline Walker ("official government"), Kim Alexander Yarbor (attorney acting as Solano County Counsel), Sullivan (officer), and Ailya Naqui (alternate public defender). ECF No. 4 at 3. Plaintiff alleges that his First, Fifth, Fourth, and Sixth amendment rights were violated, but does not provide any information as to how those rights were violated. Id. at 4. Second, plaintiff alleges his Sixteenth Amendment rights were violated; the only allegation related to this violation that the court can extract from the complaint is that Jacqueline Walker made a false report to Sacramento Sheriffs claiming to be the owner of an apartment. Id. at 5. Finally, plaintiff alleges his Eleventh, Tenth, and Eighth amendment rights were violated by a maliciously issued warrant. Id. at 6. Plaintiff seeks a return of his property, a quiet title decree, a passport issued with foreign

3

national status, and an order that defendants' bank accounts be levied. Id. at 7.

IV.    Failure to State a Claim

Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 because it does not contain a short and plaint statement setting forth the basis for legal relief. The court cannot tell who did what to plaintiff, and how such actions violated plaintiff's rights.

Additionally, it appears plaintiff's complaint seeks relief against at least one immune defendant: Kim Alexander Yarbor, county counsel, who, though the complaint is not clear, appears to have been acting as a prosecutor with respect to plaintiff. Prosecutors enjoy immunity from suits when they act within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). The common-law immunity of a prosecutor stems from concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his [or her] public duties...." Id. Plaintiff's claims appear to arise from the prosecutors' involvement with a criminal case against him. Because plaintiff attempts to impose liability for acts taken in county counsel's prosecutorial capacity, these claims fail.

Plaintiff also names a public defender Ailya Naqui, who (though the complaint is not clear) may have represented him in an underlying criminal case. When public defenders are acting in their role of advocate, they are not acting under the color of state, or federal, law for purposes of a § 1983 or a Bivens action. See Georgia v. McCollum, 5050 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (9th Cir. 2003) (en banc). The United States Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of s state supervisor. Vermont v. Brillon, 556 U.S. 81, 91 (2009). Accordingly, plaintiff may not bring an action under § 1983 against Ailya Naqui in connection with their role as a public defender.

Finally, as to defendants Jacqueline Walker and Officer Sullivan, the FAC lacks specific factual allegations about what these individuals did to violate plaintiff's rights. Section 1983 claims may only be brought against individuals who act "under color of law." Police Officers generally act under color of law when performing their duties, but the complaint must specify

4

what conduct "under color of law" is at issue. Private persons generally cannot be sued under § 1983. The FAC does not explain how or why Jacqueline Walker may be considered a state actor.

V.     Leave to Amend

If plaintiff chooses to file a second amended complaint, he must comply with Fed. R. Civ. P. 8 and explain in clear, simple terms who violated his constitutional rights, and how they did so. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. For each alleged violation of your rights, you must explain who acted to violate your right, and exactly what the defendant did. You cannot bring civil rights claims against a prosecutor for prosecuting a criminal case against you, because the prosecutor is

5

immune for actions connected to the prosecution of criminal cases. You cannot sue a public defender under § 1983 for actions taken in defending a criminal case. In most cases you cannot sue private persons under § 1983 at all.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is rejected and will not be served, but plaintiff will be given leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 17, 2023

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE