UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER also known as EL DEY BEY SHABAZZ ALI,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE WALKER, et al,<br><br>Defendants. | No. 2:23-cv-1919 AC<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 11. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The undersigned rejected plaintiff's initial complaint and First Amended Complaint pursuant to the screening process associated with in forma pauperis status, and granted plaintiff leave to file a Second Amended Complaint. ECF Nos. 3, 11. Plaintiff filed a new Amended Complaint, which he also titled a First Amended Complaint. ECF No. 28. This complaint is now before the undersigned for screening.

                I.       Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. Complaint

Plaintiff filed an initial complaint which did not assert any clear legal claims, and which was not served because plaintiff did not file a motion to proceed in forma paurperis or pay the filing fee. ECF No. 1. Plaintiff was directed to pay the filing fee or file a motion to proceed in forma pauperis, and to file an amended complaint. ECF No. 3. Plaintiff moved to proceed in forma pauperis and filed and new complaint, which was rejected with leave to amend. ECF Nos. 4, 11. Plaintiff then filed a second amended complaint, which he titled a first amended complaint. ECF No. 28. This is the complaint now before the court for screening.

The present complaint states that plaintiff is bringing this lawsuit pursuant to 42 U.S.C. § 1983 against Jacqueline Walker ("official government"), Kim Alexander Yarbor (attorney acting as Solano County Counsel), Sullivan (officer), and Sacramento Sheriffs. ECF No. 28 at 2. Plaintiff alleges that his Fifth Amendment property rights were violated when Jacqueline Walker, on behalf of Child Protective Services ("CPS"), and Solano County Courts as a "caretaker," stole property known as Jayden Walker, whose true name is Marshall Walker Jr. Bey. ECF No. 28 at 2-3. Plaintiff alleges Jacqueline Walker committed fraud to obtain possession of Jayden Walker. Id.

Second, plaintiff alleges his Fourth Amendment protections against illegal search and seizure were violated when an officer searched and seized Jayden Walker without a warrant and arrested plaintiff without a warrant. ECF No. 28 at 4. Third and finally, plaintiff claims his First Amendment rights were violated when Jayden Walker, a Native American, was disallowed from spiritual healing and his right to be a free American and that Kim Alexander Yarbor, acting as county counsel, deprived plaintiff of his chattel property and violated his religious rights. ECF No. 28 at 5. Plaintiff demands a return of his property and just compensation for the violations of his rights. Id. at 6.

III.     Abstention and Failure to State a Claim

Plaintiff's complaint cannot be served, and this case should be dismissed, because it is at its core a domestic relations dispute subject to abstention, and because it fails to state a claim upon which relief can be granted.  Plaintiff's claims are each primarily predicated on the on the allegedly improper removal of his "property" Jayden Walker a.k.a. Marshall Walker Jr. Bey, who was "stolen by C.P.S." ECF No. 28 at 3.  Though it is not expressly stated in the operative complaint, the facts asserted and the reference to CPS plainly indicate that Jayden Walker is a minor child over whom plaintiff believes he should have custody.  The court should decline to hear this case because federal courts are directed to follow the "abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife." Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987).  Abstention is specifically appropriate in a case which, "while raising constitutional issues, is at its core a child custody dispute." Id.  For this reason, the court should decline jurisdiction and dismiss the case.

An additional reason to dismiss this case is that plaintiff, having twice previously amended his complaint, still fails to state a claim upon which relief can be granted.  Plaintiff's first claim is predicated the property clause of the Fifth Amendment.  ECF No. 28 at 3.  Plaintiff alleges that Jayden Walker was stolen by Jacqueline Walker, who was working on behalf of CPS and who falsified records to obtain possession of Jayden.  Id.  He also alleges that he was "oppressed by the states worker and unlawfully evicted from my homes[.]" Id.  "The Due Process Clause of the Fifth Amendment forbids the federal government from depriving persons of 'life, liberty, or property, without due process of law.'" Buckingham v. Secretary of U.S. Dept. of Agr., 603 F.3d 1073, 1081 (9th Cir. 2010) (emphasis added) (quoting U.S. Const. amend. V).  "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  None of the defendants named in the complaint are federal actors, and the only defendant named with respect to this cause of action is Jaqueline Walker, who is allegedly employed as a "caretaker" with Child Protective Services.  ECF No. 28 at 2-3.  Because there is no federal defendant, plaintiff fails to state a cognizable claim for relief

4

for violation of the Fifth Amendment's due process clause.

The court notes that the Fourteenth Amendment prohibits deprivations by a state without due process. Bingue, 512 F.3d at 1174. "To state a claim under § 1983, a plaintiff must ... show that the alleged deprivation was committed by a person acting under color of state law."); Castro v. County of Los Angeles, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978)). To the extent the complaint could be liberally construed as presenting a § 1983 claim for a due process violation under the Fourteenth Amendment, the claim still fails because the facts indicate that Ms. Walker was not a state actor. Plaintiff alleges Ms. Walker was an "employee" of CPS because she was a "caretaker" who had custody of the minor at issue. ECF No. 28 at 2-3. Case law indicates that individuals serving as caretakers/foster parents for CPS are not state actors for the purposes of § 1983.

While neither the Supreme Court nor the Ninth Circuit have made a definitive ruling on the issue, the Ninth Circuit did hold in an unpublished decision that "[m]erely serving as a foster parent does not transform a private party into a state actor." Ismail v. County of Orange, 693 Fed.Appx. 507, 512 (9th Cir. 2017) (citations omitted), cert. denied, 138 S.Ct. 1329 (Mar. 26, 2018). Other circuits that have addressed this issue have determined that serving as caretaker for CPS does not transform a private party a state actor. See, e.g, United States v. Peneaux, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are generally not considered agents of the state."); Leshko v. Servis, 423 F.3d 337, 347 (3d Cir. 2005) (foster parents are not state actors under section 1983); Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001) (same); Weller v. Dept of Soc. Servs., 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents."); K.H. Through Murphy v. Morgan, 914 F.2d 846, 852 (7th Cir. 1990). Thus, plaintiff cannot show that his Constitutional rights were deprived under color of stat law, and his §1983 claim under the Fifth Amendment necessarily fails.

Plaintiff's second claim is that Officer Sullivan committed an illegal search and seizure of plaintiff's "personal property Jayden Walker," that plaintiff's vehicle was stolen without a

5

warrant, and that plaintiff was illegally arrested without a warrant. Plaintiff's claim as to Jayden Walker cannot succeed because Jayden Walker is a separate individual, and plaintiff cannot assert a claim on his behalf. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Alderman v. United States, 394 U.S. 165, 174 (1969). "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed[.]." Id. at 173. As to plaintiff's claim that he himself was illegally arrested without a warrant and that his car was stolen without a warrant, plaintiff provides only conclusory assertions and no factual basis to support his claims. Plaintiff was cautioned in the court's prior order that he need to explain in clear, simple terms who violated his constitutional rights, and how they did so, and that conclusory assertions would not suffice. ECF No. 11 at 5. Plaintiff's conclusory assertions in the latest complaint do state a plausible Fourth Amendment claim under § 1983.

Plaintiff's third and final cause of action alleges a violation of the First Amendment arising from Jayden Walker's deprivation of spiritual healing. ECF No. 28 at 5. Plaintiff alleges that Kim Alexander Yarbor acted in her own personal interest to "deprive plaintiff and chattel property of First Amendment Rights." Id. Plaintiff alleges this violation involved Ms. Alexander's falsification of state court records. Id. Ms. Yarbor is alleged to be Deputy County Counsel at Solano County. ECF No. Id. at 2. As was explained to plaintiff in the court's prior order, to the extent Ms. Yarbor was acting within the scope of her prosecutorial duties, she is immune from suit. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Moreover, a plaintiff has "standing to challenge alleged violations of the free exercise clause of the First Amendment only if they claim infringement of their personal religious freedom." Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1531 (9th Cir. 1985). Here, plaintiff alleges that Jayden Walker was deprived spiritual healing, not himself. ECF No. 28 at 5. Plaintiff does not have standing to bring a §1983 claim for violation of Jayden Walker's First Amendment rights. Even if the court were to construe the complaint very liberally as alleging a violation of plaintiff's own religious exercise through the loss of his ability to participate in Jayden Walker's spiritual healing, the claim is conclusory and unsupported such that it does not state a plausible First Amendment

claim.

## IV. Leave to Amend

For the reasons explained above, the operative complaint should be dismissed. Ordinarily, pro se plaintiffs are given the opportunity to amend a deficient complaint. Noll, 809 F.2d at 144. In this case, plaintiff has already filed two amended complaints, and has been given specific guidance from the court regarding the requirements for presenting a serviceable complaint. ECF Nos. 1, 3, 4, 11. Despite being given guidance regarding the presentation of facts, plaintiff submitted an amended complaint that fails to present a plausible claim upon which relief can be granted. Considering the circumstances of this case, it is clear to the undersigned that further leave to amend would be futile. Accordingly, the undersigned recommends dismissal without further leave to amend.

## V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your case be dismissed because you do not make any legal claims that can obtain legal relief. You have 21 days to object to this recommendation, and the District Judge will make a final ruling.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

For the reasons explained above, the undersigned RECOMMENDS that the complaint at ECF No. 28 be dismissed with prejudice, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 9, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE