UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER, | No. 2:23-cv-01919 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| JACQUELINE WALKER, | |
| Defendant. | |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 35. Plaintiff, who is incarcerated, and brings this civil case as a self-represented litigant proceeding in forma pauperis. See ECF Nos. 1, 3, 11. Findings and Recommendations have been submitted to the district judge, recommending dismissal of the action. ECF No. 29.

I.   Motion

Following issuance of the Findings and Recommendations, plaintiff submitted a letter ordering the court to appoint counsel due to irreparable damages caused to plaintiff by the court. ECF No. 35 at 1. Plaintiff states that the court shall appoint an attorney within three days, or the court will be subject to "further penalties" and states that the order is non-negotiable. Id. This document, which has been construed as a motion for appointment of counsel, is one of several documents that plaintiff has submitted recently, most of which purport to be "orders" and which have been docketed as notices. See ECF Nos. 30, 31, 32, 33, 34, 36, 37.

////

1

## II. Analysis

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se considering the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted. Findings and Recommendations that this case be dismissed with prejudice are already pending. ECF No. 29. Accordingly, there is no action for counsel to take. And for the reasons set forth in the Findings and Recommendations, plaintiff cannot show a likelihood of success on the merits. To the contrary, the case is not suitable to proceed. Finally, plaintiff does not have the authority to order the court to appoint counsel. Appointment of counsel is not appropriate in this case and the motion is denied.

## III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 35) is DENIED.

IT IS SO ORDERED.

DATED: November 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE